PARSONS BEHLE & LATIMER
Ashley C. Nikkel, Esq., NV Bar No. 12838
Zachary S. Shea, Esq., NV Bar No. 15094
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  (775) 323-1601
Email: anikkel@parsonsbehle.com
zshea@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiff*
*Union Pacific Railroad Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>PILOT THOMAS LOGISTICS, THOMAS WEST FUELS LUBRICANTS AND CHEMICALS, LLC, SIMON PETROLEUM, INC., and DANIEL S. MCCANN,<br><br>                              Defendants. | Case No. 3:22-cv-00117-LRH-CSD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties to the above-captioned action (the "Action"), i.e., plaintiff UNION PACIFIC RAILROAD COMPANY ("Plaintiff"), and defendants PILOT THOMAS LOGISTICS, THOMAS WEST FUELS LUBRICANTS AND CHEMICALS, LLC, SIMON PETROLEUM, INC., and DANIEL S. MCCANN, ("Defendants") (individually, a "Party," and collectively, the "Parties"), acknowledge that during the course of the litigation of the Action certain matters may be requested to be produced that may constitute or contain trade secret, confidential research, development, financial, or otherwise proprietary commercial, information (collectively, "Protected Information") within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Rule[s]"); and

PARSONS
BEHLE &
LATIMER

14330.029\4863-2655-8781.v1

WHEREAS, the Parties intend to protect such Protected Information from inappropriate disclosure and use,

NOW, THEREFORE, IN LIGHT OF THE FOREGOING, the Parties, by and through their respective attorneys of record in the Action, hereby stipulate and agree that this Protective Order (the "Order") may be entered by the above-entitled Court and that upon its entry by the Court the Order shall govern all Protected Information produced or exchanged in the Action, subject to the terms and conditions set forth herein.

## I.   APPLICABLE RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the District of Nevada ("Local Rules"), or the Court's Scheduling Order.  Identification of any individual pursuant to this Protective Order does not necessarily make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules or the Local Rules.  Nothing in this Order shall be construed to require a Party to produce or disclose information not otherwise required to be produced under the Federal Rules, Local Rules, or orders of this Court.

## II.   CONFIDENTIAL INFORMATION

For purposes of the Order, the following definitions shall apply:

A.   "Document(s)" has the meaning set forth in Federal Rule 34(a), and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a Party or another person, and whether produced pursuant to the Federal or Local Rules, by agreement of the Parties, or otherwise, and includes, without limitation, documents, interrogatory responses, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, declarations, and briefs, or any portion of any of the above.

B.   "Confidential Information" means any information that a Party or the producing person or entity believes in good faith constitutes any trade secret or other confidential research, development, financial, or proprietary commercial information within the meaning of Federal

Rule 26(c)(7).  Parties shall designate or mark Confidential Information with a conspicuous "CONFIDENTIAL" label or legend.

C.   "Confidential Document" means any Document containing Confidential Information and the Parties shall designate or mark Confidential Documents with a conspicuous "CONFIDENTIAL" label or legend.

**III.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

1.    Confidential Documents and Information shall not be used or shown, disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2.    Confidential Documents and Information that are designated "CONFIDENTIAL" may be disclosed only to the following persons ("Qualified Persons"):

a.    Members or management for each Party, provided that each such representative is involved in the prosecution or defense of this Action and has the need to know such information in the prosecution or defense of this Action.

b.    Retained and in-house counsel for the Parties to this Action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants and copying or document scanning personnel retained by counsel, to the extent reasonably necessary to render professional services in this Action, including appeals;

c.    Persons identified in a document designated as "CONFIDENTIAL" as an author of the document in part or in whole, or persons identified on the document as one to whom a copy of such document was sent prior to its production in this action;

d.    Deposition Witnesses where at least one of the following conditions applies:

i.    the witness is a current employee of the designating Party;

ii.    the witness is an author of the document or received the document during the time when such person was an employee of the designating Party;

iii.     the witness's name appears on the Confidential Document or Information as a person who has previously seen or had access to the Confidential Document or Information;

iv.     the designating Party has consented on the record of the deposition to the showing of the Confidential Document or Information to the witness; or

v.     the Party wishing to show the witness the Confidential Document or Information notifies the designating Party of that desire, with a specific listing of the Confidential Documents or Information to be so shown, and the designating Party consents in writing to such showing.

Witnesses being shown Confidential Documents or Information under subparagraphs (d) (ii), (iii), (iv), or (v) shall not be allowed to retain copies of the Confidential Documents or Information.   However, a witness who was shown Confidential Documents or Information during a deposition may review the Confidential Documents or Information while reviewing his or her transcript, provided that any Confidential Documents or Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy or in preparation for further testimony in the case;

e.     Court officials and assistants involved in the Action;

f.     Court reporting personnel involved in taking or transcribing testimony in the Action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record; and

g.     Outside consultants or experts, including their clerical support staff, retained for the purpose of assisting counsel in the Action.

4.     Confidential Documents and Information shall be used solely for the prosecution or defense of the Action.

5.      Notwithstanding the provisions of paragraphs 2 or 3 above, any Party is free to use its own "CONFIDENTIAL" documents and information for any purpose.

6.      Before any person described in paragraph 2(a), 2(d)(v), or 2(g) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date a Declaration and Confidentiality Agreement substantially in the form of the attached "Exhibit A."  A copy of such executed declaration shall be held by counsel of record for the Party so disclosing the Confidential Documents or Information. The Parties agree not to use the declarations for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the Parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.       Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).

9.      Discovery Material shall be designated as follows:

a.      In the case of documents, designation shall be made prior to production by stamping or writing the word "CONFIDENTIAL" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents.  Batches of electronic documents within a production set may be treated as containing the "CONFIDENTIAL" designation provided that the cover and/or device containing the designated electronic documents provides the designation;

b.     Documents may be produced for inspection prior to their designation as "CONFIDENTIAL" but shall be designated as "CONFIDENTIAL" prior to the transmission of a physical copy of the document to the party requesting the document;

c.     In the case of interrogatory answers, designation shall be made by stamping or writing the word "CONFIDENTIAL" on the relevant portion of any such answer; and

d.     In the case of depositions, counsel for any of the Parties or the deponent may designate specific testimony or transcript pages as "CONFIDENTIAL," (1) at a deposition by notice on the record, or (2) within fourteen (14) days after the receipt of the deposition transcript by notifying counsel for all Parties and for the deponent of the Confidential designation. Until the expiration of the 14-day period, all of the testimony contained in the transcript volume shall be treated as "CONFIDENTIAL."   To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10.     At any time after the delivery of Confidential Documents or Information, counsel for the Party or Parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof according to the following procedures:

a.     If after receipt of documents or information from the producing Party designated "CONFIDENTIAL," the receiving Party believes all or a portion of the documents or information do not qualify for the designation(s) attached or given thereto, the receiving Party may object in writing to the confidentiality designation(s) of such documents or information.  The objection shall set forth with specificity the grounds the receiving Party asserts for maintaining that the documents or information do not qualify for the given confidentiality designation(s).  At all times until after resolution of the objection either by the Parties or by the Court, the receiving Party shall treat the documents or information subject to the objection according to designation(s) given by the

14330.029\4863-2655-8781.v1

producing Party, and shall limit access to those documents or information as required by this Order;

      b.     After receipt of the receiving Party's objection, the producing Party shall then have seven (7) calendar days (plus three [3] days if the objection is served other than by hand delivery, e-mail transmission or facsimile transmission) to respond to the objection setting forth with specificity the grounds the producing Party asserts for maintaining that the documents or information do qualify for the given confidentiality designation(s); and

      c.     After receipt of the producing Party's response, the receiving Party shall then have fourteen (14) calendar days (plus three (3) days if response is served other than by hand delivery, e-mail transmission or facsimile transmission) to file a motion and/or objection with the Court seeking to have the Court alter the confidentiality designation(s) of the documents subject to the objection.  The producing Party shall bear the burden of establishing that the designated documents or information that are the subject of the objection are properly designated.

11.     A producing Party that mistakenly fails to mark an item as "CONFIDENTIAL," at the time of production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific documents or information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such mis-designated materials shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the producing Party becomes aware of the failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) days of receipt of the substitute copies, the receiving Party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

12.     The Party or Parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

13.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

14.     This Order shall apply to any non-party to the Action who may be called upon to make discovery or provide deposition or other testimony in connection with this action, including, without limitation, providing any non-party documents, information, or testimony through discovery taken pursuant to Rule 45.  Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production consistent with it, such as by designating or marking Confidential Documents or Information produced by the non-party with a conspicuous "CONFIDENTIAL," label or legend.

15.     The provisions of this Order shall not terminate at the conclusion of the Action. Within thirty (30) days after the final conclusion of all aspects of the Action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda, or other documents or papers filed with the Court, and declarations executed in the course of this litigation, shall either be returned to the producing Party or person or destroyed.  All Parties or persons that received Confidential Documents, if requested by the producing Party, shall execute a certificate of compliance with this section and shall deliver the same to counsel for the producing Party not more than sixty (60) days after such certification is requested.  The Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

16.     The mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such

privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing Party shall notify the receiving Party in writing of any such mistakenly produced documents as soon as reasonably practicable after the producing Party becomes aware of their mistaken production.  Upon receipt of such notice, the receiving Party shall, within three (3) business days, or sooner if that is practicable, return all such documents to the producing Party, along with any copies made thereof.  In the event the receiving Party either challenges the assertion of privilege or contends there has been a waiver, the receiving Party may retain the materials to the extent necessary to make such a challenge.

      17.    This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED this 4th day of November, 2022.     DATED this 4th day of November, 2022.

PARSONS BEHLE & LATIMER       GRANT & ASSOCIATES

  /s/ Zachary S. Shea            /s/ Damian C. Noody

Ashley C. Nikkel, Nevada Bar No. 12838   ***(Signed by filing attorney with permission of counsel)***

Zachary S. Shea, Nevada Bar No. 15094

*Attorneys for Plaintiff Union*        Annalisa N. Grant, Nevada Bar No. 11807

*Pacific Railroad Company*         Damian C. Noody, Nevada Bar No. 14409

                                      *Attorneys for Defendants*

## **ORDER**

Paragraph 13 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

     IT IS SO ORDERED.

     DATED: November 7, 2022

                        MAGISTRATE JUDGE

# <u>EXHIBIT A</u>

**FORM DECLARATION AND CONFIDENTIALITY AGREEMENT CONFIRMING RECEIPT AND ACCEPTANCE OF TERMS AND CONDITIONS OF PROTECTIVE ORDER**

PARSONS
BEHLE &
LATIMER

14330.029\4863-2655-8781.v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>          Plaintiff,<br><br>v.<br><br>PILOT THOMAS LOGISTICS, THOMAS WEST FUELS LUBRICANTS AND CHEMICALS, LLC, SIMON PETROLEUM, INC., and DANIEL S. MCCANN,<br><br>          Defendants. | Case No. 3:22-cv-00117-LRH-CSD<br><br>**DECLARATION AND CONFIDENTIALITY AGREEMENT CONFIRMING RECEIPT AND ACCEPTANCE OF TERMS AND CONDITIONS OF PROTECTIVE ORDER** |

I, _____, declare that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have received a copy of the Protective Order in this action signed by the Court on

_____.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

14330.029\4863-2655-8781.v1

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any and all confidential materials disclosed to me in the above-referenced matter.

8.    I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9.    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

10.   I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____        _____
                                                              Signature

                                                  _____
                                                              Printed Name